ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

       - v. -                                  :  INFORMATION

WALTER BERKOVIC,                     :  15 Cr. CRIM 169

       Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COUNT ONE
(Willful Failure to File Reports of
Foreign Bank and Financial Accounts)

The United States Attorney charges:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 17 2015

The Defendant

1.    At all times relevant to this Information, WALTER BERKOVIC, the defendant, was a resident of Monsey, New York, and was a citizen of the United States.

Obligations of United States Taxpayers
With Respect to Foreign Financial Accounts

2.    Citizens and residents of the United States who have income in any one calendar year in excess of a threshold amount ("U.S. taxpayers") are obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), for that calendar year with the Internal Revenue Service ("IRS"). On such return, U.S. taxpayers are obligated to report their income from any source, regardless of whether the source of their income is inside or outside the United States. In addition, on Schedule B of Form 1040, the filer must indicate whether "at any time during [the relevant calendar year]" the filer had "an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." If the taxpayer answers that question in the affirmative, then the taxpayer

must indicate the name of the particular country in which the account is located. At all times relevant to this Information, WALTER BERKOVIC, the defendant, was a U.S. taxpayer.

3. Separate and apart from the obligation to file Forms 1040, U.S. taxpayers who have a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the IRS a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 ("FBAR"). The FBAR for any calendar year is required to be filed on or before June 30 of the following calendar year. The FBAR requires that the filer identify the financial institution with which the account is held, the type of account (either bank, securities, or other), the account number, and the maximum value of the account during the calendar year for which the FBAR is being filed.

4. An "undeclared account" is a bank, securities, or other financial account maintained outside the United States and beneficially owned by a U.S. taxpayer, such as BERKOVIC, but that was intended to not be disclosed to the IRS on Schedule B of Form 1040 or on an FBAR and the income generated in which was intended to not be reported to the IRS on Form 1040.

### Swiss Financial Institution at Which BERKOVIC Had Undeclared Accounts and BERKOVIC's Financial Advisor

5. At all times relevant to this Information, UBS was an international bank organized under the laws of Switzerland with its headquarters in Zurich, Switzerland. Directly and through its subsidiaries, UBS operated a global financial services business. As one of the largest banks in Switzerland and largest wealth managers in the world, UBS provided banking, wealth management, asset management, and investment banking services, among other services,

around the globe, including through branches located in the United States. For decades, UBS operated a U.S. cross-border business through which its private bankers provided cross-border securities-related and investment advisory services to U.S. taxpayers who maintained accounts at UBS in Switzerland and other locations outside the United States, including to U.S. taxpayers living in the Southern District of New York.

### BERKOVIC's Undeclared Accounts at UBS

6. Between in or about 1991 until at least in or about 2008, WALTER BERKOVIC, the defendant, had a financial interest in, and signature and other authority over, two undeclared accounts at UBS. From at least in or about 1991 until at least in or about 2008, the undeclared accounts in which BERKOVIC had a financial interest, and over which BERKOVIC had signature and other authority, had an aggregate value of more than $10,000. On or about December 31, 2007, the year-end balance of undeclared accounts of which BERKOVIC was the beneficial owner was approximately $713,000.

7. Specifically, in or about May 1991, WALTER BERKOVIC, the defendant, opened an undeclared account at UBS in the name "CQUE" (the "CQUE Account"). At the time that BERKOVIC opened the CQUE Account, BERKOVIC presented his U.S. passport to a representative of UBS in order to verify his identity.

3

8. From the time he opened the account in 1991 until in or about 1998, WALTER BERKOVIC, the defendant, was the sole signatory and beneficial owner of the CQUE account. On or about November 24, 1998, BERKOVIC executed a document giving "power of attorney" status with respect to the CQUE Account to an individual located in Zurich, Switzerland.

9. In or about February 2007, representatives of WALTER BERKOVIC, the defendant, opened, and caused to be opened, another undeclared account at UBS. Specifically, on or about February 5, 2007, following the incorporation under the laws of Panama of an entity called Brightlight Management S.A. ("Brightlight"), representatives of BERKOVIC caused a UBS account to be opened under the name of Brightlight, designating BERKOVIC as the beneficial owner of that entity. In connection with the opening of the Brightlight account at UBS, BERKOVIC requested that all correspondence concerning the account be retained in Switzerland with a Zurich individual identified by BERKOVIC. That individual also served as a director of Brightlight.

10. On various occasions between 1991 and November 2008, WALTER BERKOVIC, the defendant, approved and/or directed transactions involving the CQUE and Brightlight accounts at UBS. BERKOVIC approved and/or directed those transactions either by visiting UBS in person, by speaking with a representative of UBS over the telephone, or by providing authorization for officials at UBS to engage in various transactions. The transactions involving the CQUE and Brightlight accounts that BERKOVIC approved and/or directed included the purchase and sale of securities in the accounts, as well as transfers from the accounts to benefit family members and himself, including transfers to various locations in Europe.

4

### BERKOVIC's Tax Returns and FBARs

11.     For each of the calendar years from at least 1995 through 2007, WALTER BERKOVIC, the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040. On each of these returns, BERKOVIC knowingly and willfully failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On Schedule B attached to each of these returns, BERKOVIC knowingly and willfully failed to disclose that he had an interest in or signature authority over a financial account in Switzerland, when, in truth and in fact, and as BERKOVIC then and there well knew, he had an interest in and signature authority over a financial account in Switzerland.

12.     For each of the calendar years from at least 1995 through 2008, WALTER BERKOVIC, the defendant, failed to file, and failed to cause to be filed, with the IRS an FBAR disclosing his signatory or other authority over his accounts at UBS.

### Statutory Allegations

13.     On or before the filing due dates listed below, in the Southern District of New York and elsewhere, WALTER BERKOVIC, the defendant, did knowingly and willfully fail to file with the Commissioner of the IRS an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, at least one foreign bank, securities, and other financial account at UBS, which had an aggregate value of more than $10,000 during each of the years listed below:

5

| Calendar Year | Due Date to File FBAR | Bank |
|---|---|---|
| 2004 | June 30, 2005 | UBS |
| 2005 | June 30, 2006 | UBS |
| 2006 | June 30, 2007 | UBS |
| 2007 | June 30, 2008 | UBS |
| 2008 | June 30, 2009 | UBS |

(Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306(c, d), and 1010.840(b).)

*Preet Bharara*

PREET BHARARA
United States Attorney

6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

WALTER BERKOVIC,

Defendant.

**INFORMATION**

15 Cr.

(31 U.S.C. §§ 5314, 5322(a))

PREET BHARARA
United States Attorney.